AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Columbia

United States of America
v.
Jonathan Joseph Copeland

)
)
)
)
)
)

Case: 1:22–mj–00195
Assigned To : Magistrate Judge Meriweather, Robin M.
Assign. Date : 8/24/2022
Description: Complaint w/ Arrest Warrant

_____
*Defendant*

## ARREST WARRANT

To:    Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*                    Jonathan Joseph Copeland                    ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment    ☐ Superseding Indictment    ☐ Information    ☐ Superseding Information    ☒ Complaint
☐ Probation Violation Petition    ☐ Supervised Release Violation Petition    ☐ Violation Notice    ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §§ 111(a)(1) and (b)- Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury
18 U.S.C. § 231(a)(3)- Civil Disorder
18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds
18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds

18 U.S.C. § 1752(a)(4)- Engaging in Physical Violence in a Restricted Building or Grounds
40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building

40 U.S.C. § 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building

2022.08.24
14:37:19 -04'00'

Date:    08/24/2022

_____
*Issuing officer's signature*

City and state:    Washington, D.C.

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

| Return |
|---|
| This warrant was received on *(date)*  8/24/2022 , and the person was arrested on *(date)*  8/25/2022 at *(city and state)*  FORT SHAWNEE, OHIO . |

Date:   8/25/2022

_____
*Arresting officer's signature*

ELIZABETH TRAN, SPECIAL AGENT
*Printed name and title*

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

District of Columbia

**FILED**

9:45 am Aug 25 2022

**Clerk U.S. District Court**
**Northern District of Ohio**
**Toledo**

United States of America

v.

Jonathan Joseph Copeland

_____

*Defendant*

)
)
)
)
)
)
)

3:22MJ5278 NDOH

Case: 1:22−mj−00195
Assigned To : Magistrate Judge Meriweather, Robin M.
Assign. Date : 8/24/2022
Description: Complaint w/ Arrest Warrant

## ARREST WARRANT

To:     Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)* _____ Jonathan Joseph Copeland _____ ,

who is accused of an offense or violation based on the following document filed with the court:

❑ Indictment      ❑ Superseding Indictment      ❑ Information      ❑ Superseding Information      ☒ Complaint

❑ Probation Violation Petition      ❑ Supervised Release Violation Petition      ❑ Violation Notice      ❑ Order of the Court

This offense is briefly described as follows:

18 U.S.C. §§ 111(a)(1) and (b)- Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury
18 U.S.C. § 231(a)(3)- Civil Disorder
18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds
18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds

18 U.S.C. § 1752(a)(4)- Engaging in Physical Violence in a Restricted Building or Grounds
40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building

40 U.S.C. § 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building

2022.08.24
14:37:19 -04'00'

Date:     ___08/24/2022___

_____
*Issuing officer's signature*

City and state:     ___Washington, D.C.___

___Robin M. Meriweather, U.S. Magistrate Judge___
*Printed name and title*

| Return |
|---|

This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____

at *(city and state)* _____ .

Date: _____

_____
*Arresting officer's signature*

_____
*Printed name and title*

AO 91 (Rev. 11/11) Criminal Complaint

FILED

9:38 am Aug 25 2022

Clerk U.S. District Court
Northern District of Ohio
Toledo

# UNITED STATES DISTRICT COURT

for the

District of Columbia

United States of America

v.

Jonathan Joseph Copeland
DOB: XXXXXX

_____
*Defendant(s)*

)
)
)
)
)
)
)
)

3:22MJ5278 NDOH

Case: 1:22−mj−00195
Assigned To : Magistrate Judge Meriweather, Robin M.
Assign. Date : 8/24/2022
Description: Complaint w/ Arrest Warrant

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ January 6, 2021 _____ in the county of _____ in the

_____ in the District of _____ Columbia _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 111(a)(1) and (b)- Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon or Inflicting Bodily Injury | |
| 18 U.S.C. § 231(a)(3)- Civil Disorder | |
| 18 U.S.C. § 1752(a)(1)- Entering and Remaining in a Restricted Building or Grounds | |
| 18 U.S.C. § 1752(a)(2)- Disorderly and Disruptive Conduct in a Restricted Building or Grounds | |
| 18 U.S.C. § 1752(a)(4)- Engaging in Physical Violence in a Restricted Building or Grounds | |
| 40 U.S.C. § 5104(e)(2)(D)- Disorderly Conduct in a Capitol Building | |
| 40 U.S.C. § 5104(e)(2)(G)- Parading, Demonstrating, or Picketing in a Capitol Building | |

This criminal complaint is based on these facts:

See attached statement of facts.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Elizabeth Tran, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1
by telephone.

Date: _____ 08/24/2022 _____

2022.08.24
14:36:10 -04'00'

_____
*Judge's signature*

City and state: _____ Washington, D.C. _____

Robin M. Meriweather, U.S. Magistrate Judge
*Printed name and title*

## STATEMENT OF FACTS

Your affiant, Elizabeth Tran, is a Special Agent of the Federal Bureau of Investigation (FBI) assigned to the Cleveland Division, Toledo Resident Agency – Joint Terrorism Task Force. My duties as a Special Agent, includes investigations of national security cases involving individuals with the desire to commit international and domestic acts terrorism, and those who have sought to commit acts of violence in the United States. My experience has included investigation of criminal cases such as healthcare fraud, public corruption, violent crime, and drug trafficking. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detection, investigation, or prosecution of a violation of Federal criminal laws.

The U.S. Capitol is secured 24 hours a day by U.S. Capitol Police. Restrictions around the U.S. Capitol include permanent and temporary security barriers and posts manned by U.S. Capitol Police. Only authorized people with appropriate identification were allowed access inside the U.S. Capitol. On January 6, 2021, the exterior plaza of the U.S. Capitol was also closed to members of the public.

On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, which is located at First Street, SE, in Washington, D.C. During the joint session, elected members of the United States House of Representatives and the United States Senate were meeting in separate chambers of the United States Capitol to certify the vote count of the Electoral College of the 2020 Presidential Election, which had taken place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Mike Pence was present and presiding, first in the joint session, and then in the Senate chamber.

As the proceedings continued in both the House and the Senate, and with Vice President Mike Pence present and presiding over the Senate, a large crowd gathered outside the U.S. Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the U.S. Capitol building, and U.S. Capitol Police were present and attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

At such time, the certification proceedings were still underway and the exterior doors and windows of the U.S. Capitol were locked or otherwise secured. Members of the U.S. Capitol Police attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the U.S. Capitol Police, as others in the crowd encouraged and assisted those acts.

Shortly thereafter, at approximately 2:20 p.m. members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice

President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the U.S. Capitol building without authority to be there.

### Facts Specific to the Application

On January 16, 2021, the FBI received a complaint by a witness (Witness-1), who reported Jonathan Copeland (Copeland) was present at the U.S. Capitol on January 6, 2021. Based on the complaint an investigation was initiated. On January 28, 2021, Witness-1 was interviewed by the FBI and said they identified Copeland while watching the CBS news. Witness-1 was able to identify Copeland because CBS stopped the camera on Copeland for approximately 3-5 seconds. Witness-1 further reported Copeland resided in a trailer park in Fort Shawnee, Ohio. Witness-1 described Copeland's appearance to be 5'11 to 6 feet tall, 240 pounds, wears glasses and has a shaved head.

On April 17, 2021, Witness-2 submitted a complaint to the FBI in which they identified Copeland as an individual suspected of being at and or inside the U.S. Capitol on January 6, 2021. On January 3, 2022, Witness-2 was interviewed by the FBI and said that they knew Copeland. Following the January 6th events, Witness-2 went to the FBI's website seeking information to identify images of person who were suspected of violating the law while at the U.S. Capitol and Witness-2 contacted the FBI National Threat Operations Center, regarding individual in Photographs #192 – AOM (as shown below, *Figure 1*).



*Figure 1*

Additionally, on January 3, 2022, Witness-2 was shown an image from CCTV footage from within the U.S. Capitol. Witness-2 identified Copeland to be in the below image: (*Figure 2*).



*Figure 2*

**Interview of Copeland**

On February 9, 2021, the FBI interviewed Copeland by phone and on February 23, 2021, I interviewed Copeland in person. During both interviews with the FBI, Copeland provided similar accounts of his actions while in the vicinity and inside the U.S. Capitol on January 6, 2021: Copeland carpooled to the U.S. Capitol with an individual whom he met online. Copeland stated on January 6, 2021, he got up early and walked to the rally area. Copeland met with the individual with whom he traveled and watched a part of the speech but left toward the U.S. Capitol building. They reached the first barricade, a bike rack style barrier manned with 5-7 police officers. Copeland made his way over to the scaffolding on the left side of the crowd area. He also started following a group of people climbing on the scaffolding and crossed on a ramp to the upper level of the U.S. Capitol building. Copeland went through an open door near where the news showed a white male with a black coat breaking a window with the shield. Copeland said he went through a circular room with a lot of statues and heard people chanting. He joined in and there was a lot of energy with all of the people inside. Copeland took a flight of stairs down to the commons area and saw a standoff between police and people, where there was a large fight. Copeland ran up the escalator, but then went back down the stairs to the commons area. Copeland went back up the escalator to the statue room and saw police. The hall was filled with smoke and tear gas, and it started to affect him. While inside, Copeland said he received a phone call from the individual with whom he traveled, who said, "Son, you know what you're doing is a crime." Copeland retraced his path where he saw a police officer who directed him out exited through a window. Copeland attempted to take a video while inside the U.S. Capitol, but said he was unable to get cellular service.

Copeland further said he took his phone, associated with number XXX-XXX-3123, with him to and into the U.S. Capitol. Copeland told FBI Agents that he felt remorseful, upon leaving the U.S. Capitol, so he deleted his accounts and disposed of his cellphone. Copeland advised he was wearing the same pants and boots during the interview that he had worn while he was inside the Capitol on January 6, 2021. Copeland did not make any statements about wearing different head coverings/hats. During the February 23, 2021 interview with the FBI, Agents observed

Copeland wearing safety glasses, which appeared similar to the ones worn in images and video of Copeland outside and inside the U.S. Capitol on January 6, 2021.

### *FBI Investigation*

The phone number and email accounts Copeland provided the FBI did not register on the U.S. Capitol device geolocation data captured from the area surrounding the U.S. Capitol.

Law enforcement queried U.S. Capitol records pertaining to an additional telephone number that was identified and attributed to Copeland, phone number, XXX-XXX-4427. The records revealed the aforementioned telephone number having utilized a cellular site consistent with the geographic area that included the interior of the U.S. Capitol building in and around the time of the incident on January 6, 2021 at approximately 2:28 P.M. EST.

On May 10, 2021, Witness-3 was interviewed by the FBI. Witness-3 provided information that they drove Copeland to Washington, D.C. on January 5, 2021. On January 6, 2021, Witness-3 and Copeland separated at approximately 2:00 P.M. EST. As a result, Witness-3 placed several phone calls in an attempt to locate Copeland. After a period of time, Copeland answered a phone call and admitted to being inside the rotunda of the U.S. Capitol building. Witness-3 and Copeland reconnected, in person, approximately 40 minutes later.

On March 15, 2022, open-source research revealed numerous images and videos of Copeland from January 6, 2021. The research identified a variety of images and videos that I assess to be Copeland both in the vicinity of and inside the U.S. Capitol grounds on January 6, 2021. The below is a summary of the open-source research content, video from U.S. Capitol Police Closed-Circuit Television (CCTV), and video from other subjects' cell phone and devices.

In review of the aforementioned videos and images, on January 6, 2021, Copeland can be identified by the green bandana or red covering, grey hoodie, yellow sticker on the chest, brown khaki pants, plaid collared shirt, black boots, gloves and safety glasses. Copeland appeared in different head coverings following his movement in the U.S. Capitol and in the vicinity of the U.S. Capitol.

### *Images and Video*

Copeland is in a 16-second video in the vicinity of the U.S. Capitol (Twitter) talking to a few individuals *(*Timecode*: 0:08-0:13, *Figure 3*).* https://twitter.com/i/status/1373698296850624512



*Figure 3*

Copeland is seen in a video with a larger group walking up the steps toward the first barricade at the U.S. Capitol steps, https://www.facebook.com/deanm1134/videos/3647258548644742 (Timecode: 0:05, *Figure 4*)



*Figure 4*

Copeland stands in a group with a few U.S. Capitol police in the foreground. Barricades appear to be separating the mass and the police. (youtube.com, Timecode 14:51, *Figure 5*) https://www.youtube.com/watch?v=wIFpSg-6HIc&t=892



*Figure 5*

Copeland advances through a closed area barricade secured by U.S. Capitol Police in front of the U.S. Capitol steps, identified by his grey hoodie, green bandana, glove and glasses. https://www.youtube.com/watch?v=XE3Op_eyvss&t=26 (youtube.com, Timecode: 0:26, *Figure 6*)



*Figure 6*

Copeland (from a different angle) is directly behind individuals who are engaged in physical assaults of law enforcement. Copeland fails to submit to commands to stay back near the barricades. https://www.youtube.com/watch?v=fpNHAuw-K_k&t=1113 (Timecode: 18:33, *Figure 7*)



*Figure 7*

Copeland walks over the barricades near the front where U.S. Police retreat away from the crowd. https://archive.org/download/qtjchjfyquFzod6YS/qtjchjfyquFzod6YS.mkv (Timecode: 10:34, *Figure 8)*



*Figure 8*

Copeland in a video walking on the U.S. Capitol premises near the scaffolding https://www.facebook.com/leon.kerns/videos/3668417996546205 (Timecode: 3:13, *Figure 9*)



*Figure 9*

Copeland argues with a camera man/photographer. Copeland is identified by his beard, glasses, one-handed glove, brown khaki pants. Archive.org Link https://archive.org/download/b5ctbnN3Ws55C2osw/b5ctbnN3Ws55C2osw.mpeg4 (Timecode: 2:18, *Figure 10)*



*Figure 10*

Copeland argues with a camera man/photographer in the crowd. Copeland grabs the camera man's sleeve as the camera man is grabbed and pushed off a ledge by other individuals. https://www.instagram.com/tv/CJxKMArpN0_/?utm_source=ig_web_copy_link (Timecode 0:32 and 00:36, *Figures 11 and 12*)



*Figure 11*



*Figure 12*

Copeland is identified with one gloved hand and green bandana as Copeland and others push a large, metal "Trump" sign into a line of law enforcement officers. Officers attempted to fend off repeated attempts by rioters to breach the police line and assault the officers, but the rioters were successful and pushed the large metal framed Trump banner through the line.
https://www.youtube.com/watch?v=Sen2GSMT400&t=88 (Timecode: 1:27, *Figure 13*)



*Figure 13*

Copeland shoves the large metal framed Trump banner into officers
https://www.youtube.com/watch?v=5i6ra90rQDs&t=116 (Timecode: 1:55, *Figure 14*)



*Figure 14*

Still image captured from USCP CCTV video from the west roof of the U.S. Capitol Building on January 6, 2021. The image depicts the struggle between rioters and law enforcement regarding the large metal Trump sign. *(Figure 15)*



*Figure 15*

Copeland walks into the Senate Doors of the U.S. Capitol identified by his beard, glasses, one-handed glove, brown khaki pants and grey hoodie over a red hat. https://propublica-data-j6cases-videos.s3.us-east-1.amazonaws.com/b82e47b0fe07013933e52cde48001122.mp4?_ga=2.31884990.1204253088.1638647062-233311640.1635534856 (Timecode: 0:36, Figure 16)



*Figure 16*

Copeland enters with a large group from the Crypt to the Crypt Lobby, which leads to the elevators/escalators to the Capitol Visitor Center. U.S. Capitol Police retreat from the doors as the group enters. The barrier gate closes from above, but the rioters continue to enter and prevent the barrier gate from closing. Copeland can be seen in the foreground.

https://propublica-data- j6cases-videos.s3.us-east-1.amazonaws.com/3e7878003511013ab8562cde48001122.mp4?_ga=2.257860044.654083529.1638473

971-233311640.1635534856 (Timecode: 0:54, *Figure 17*)



*Figure 17*

Copeland walks from the Crypt toward the stairs and escalators that will lead to the U.S. Capitol Visitor Center. The video provides another angle at the top of the escalator.

https://web.archive.org/web/submit?url=https://video.parler.com/AY/ij/AYijYnzI0Gbr.mp4 (Timecode: 0:32, *Figure 18*)



*Figure 18*

Copeland goes down the elevators/escalators from the Crypt into the Capitol Visitor Center. https://propublica- data-j6cases-videos.s3.us-east- 1.amazonaws.com/540e1310350b013ab8562cde48001122.mp4?_ga=2.94883100.1204253088. 1638647062-233311640.1635534856 (Timecode: 2:47, *Figure 19)*



*Figure 19*

Copeland goes up and down the escalator and stairs of the U.S. Capitol Visitor Center, travelling between the Crypt, Crypt Lobby and U.S. Capitol Visitor Center. https://propublica-data-j6cases-videos.s3.us-east- 1.amazonaws.com/500eb3d03511013ab8562cde48001122.mp4?_ga=2.12466740.1836584835.16471 95 189-1193919601.1643496074  (Timecode 0:08 , *Figure 20)*



*Figure 20*

Copeland is in the lower level of the U.S. Capitol Visitor Center. https://propublica- data-j6cases-videos.s3.us-east-1.amazonaws.com/98c8c0b0350c013ab8562cde48001122.mp4?_ga=2.228058202.654083529.1638473971-233311640.1635534856 (Timecode: 5:48, *Figure 21*)



*Figure 21*

Copeland remains on the U.S. Capitol premises on January 6, 2021 after exiting the Capitol Building. YouTube - https://www.youtube.com/watch?v=70SspWNp4Bg&t=96 (Timecode: 1:35, *Figure 22*)



*Figure 22*

Based on the foregoing, your affiant submits that there is probable cause to believe that Copeland violated 18 U.S.C. § 1752(a)(1) and (2), and (4) which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; (4) knowingly engages in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so.  For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Your affiant submits there is also probable cause to believe that Copeland violated 40 U.S.C. § 5104(e)(2)(D)&(G), which makes it a crime to willfully and knowingly  (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress; and (G) parade, demonstrate, or picket in any of the Capitol Buildings.

Your affiant submits there is also probable cause to believe that Copeland violated 18 U.S.C. § 111(a)(1), and (b) which makes it a crime to use a deadly or dangerous weapon, in this case a large metal Trump sign, to forcibly assault, resist, oppose, impede or interfere with any person engaged in the performance of official duties.

Finally, your affiant submits there is also probable cause to believe that Copeland violated 18 U.S.C. § 231(a)(3), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes.

_____
Elizabeth Tran
Special Agent
Federal Bureau of Investigation

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 24th day of August 2022.

_____
HONORABLE ROBIN M. MERIWEATHER
UNITED STATES MAGISTRATE JUDGE

AO 466A (Rev. 12/17) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
### for the
### Northern District of Ohio

**FILED**

AUG 25 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

| | |
|---|---|
| United States of America<br>v.<br><br>____Jonathan Joseph Copeland____<br>*Defendant* | )<br>)<br>)<br>)<br>)<br>) |

Case No.    3:22mj5278

Charging District's Case No.    1:22mj195

## WAIVER OF RULE 5 & 5.1 HEARINGS
### (Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*  United States
District Court of the District of Columbia                                    .

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)    an identity hearing to determine whether I am the person named in the charges;

(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4)    a preliminary hearing to determine whether there is probable cause to believe that an offense has been committed, to be held within 14 days of my first appearance if I am in custody and 21 days otherwise, unless I have been indicted beforehand.

(5)    a hearing on any motion by the government for detention;

(6)    request a transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☑    an identity hearing and production of the warrant.

☑    ~~a preliminary hearing.~~

☑    a detention hearing.

☑    an identity hearing, production of the judgment, warrant, and warrant application, and any preliminary or detention hearing to which I may be entitled in this district.  I request that my
☐ preliminary hearing and/or ☐ detention hearing be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date:    August 25, 2022

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*
Jane E. Roman

Jane E. Roman
*Printed name of defendant's attorney*

AO 98 (Rev. 12/11) Appearance Bond

# UNITED STATES DISTRICT COURT
### for the
Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Jonathan Joseph Copeland | ) | Case No. 3:22MJ5278 |
| | ) | |
| _Defendant_ | ) | |

**FILED**

AUG 2 5 2022

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

## APPEARANCE BOND

### Defendant's Agreement

I, _____ Jonathan Joseph Copeland _____ _(defendant)_, agree to follow every order of this court, or any court that considers this case, and I further agree that this bond may be forfeited if I fail:

      ( X )      to appear for court proceedings;
      ( X )      if convicted, to surrender to serve a sentence that the court may impose; or
      ( X )      to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

(   ) (1)   This is a personal recognizance bond.

( X ) (2)   This is an unsecured bond of $ _10,000.00_____ .

(   ) (3)   This is a secured bond of $ _____ , secured by:

    (   )   (a) $ _____ , in cash deposited with the court.

    (   )   (b) the agreement of the defendant and each surety to forfeit the following cash or other property _(describe the cash or other property, including claims on it — such as a lien, mortgage, or loan — and attach proof of ownership and value)_:

If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (   )   (c) a bail bond with a solvent surety _(attach a copy of the bail bond, or describe it and identify the surety)_:

### Forfeiture or Release of the Bond

_Forfeiture of the Bond._ This appearance bond may be forfeited if the defendant does not comply with the above agreement. The court may immediately order the amount of the bond surrendered to the United States, including the security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court may order a judgment of forfeiture against the defendant and each surety for the entire amount of the bond, including interest and costs.

AO 98 (Rev. 12/11) Appearance Bond

*Release of the Bond.* The court may order this appearance bond ended at any time. This bond will be satisfied and the security will be released when either: (1) the defendant is found not guilty on all charges, or (2) the defendant reports to serve a sentence.

## Declarations

*Ownership of the Property.* I, the defendant – and each surety – declare under penalty of perjury that:

    (1)    all owners of the property securing this appearance bond are included on the bond;

    (2)    the property is not subject to claims, except as described above; and

    (3)    I will not sell the property, allow further claims to be made against it, or do anything to reduce its value while this appearance bond is in effect.

*Acceptance.* I, the defendant – and each surety – have read this appearance bond and have either read all the conditions of release set by the court or had them explained to me. I agree to this Appearance Bond.

I, the defendant – and each surety – declare under penalty of perjury that this information is true. (See 28 U.S.C. § 1746.)

Date: _08/25/2022_          X _____
                                                 *Defendant's signature*

_____      _____
*Surety/property owner – printed name*           *Surety/property owner – signature and date*

_____      _____
*Surety/property owner – printed name*           *Surety/property owner – signature and date*

_____      _____
*Surety/property owner -- printed name*           *Surety/property owner – signature and date*

                                   Sandy Opacich,
                                   *CLERK OF COURT*

Date: _08/25/2022_          _____ Deputy Clerk
                                    *Signature of Clerk or Deputy Clerk*

Approved.

Date: _08/25/2022_          _____ Darrell A. Clay, U.S. Magistrate Judge
                                              *Judge's signature*

AO 199A (Rev. 06/19)  Order Setting Conditions of Release

Page 1 of ___4___ Pages

# UNITED STATES DISTRICT COURT
for the
District of Columbia

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | **FILED** |
| | ) | AUG 25 2022 |
| Jonathan Joseph Copeland | ) | CLERK, U.S. DISTRICT COURT |
| | ) | NORTHERN DISTRICT OF OHIO |
| *Defendant* | ) | TOLEDO |

Case No.  3:22MJ5278

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 34 U.S.C. § 40702.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at:   U.S. Courthouse, District of Columbia
<em>Place</em>

on   9/1/2022 1:00 pm
<em>Date and Time</em>

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

$10,000.00, unsecured

# ADDITIONAL CONDITIONS OF RELEASE

Pursuant to 18 U.S.C. § 3142(c)(1)(B), the court may impose the following least restrictive condition(s) only as necessary to reasonably assure the appearance of the person as required and the safety of any other person and the community.

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6)  The defendant is placed in the custody of:
Person or organization
Address *(only if above is an organization)*
City and state                                                                        Tel. No.
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____   _____
                                  *Custodian*                                          *Date*

( ☑ )  (7)  The defendant must:
( ☑ )  (a)  submit to supervision by and report for supervision to the   U.S. Pretrial Services, as directed ,
                telephone number _____ , no later than
( ☐ )  (b)  continue or actively seek employment.
( ☐ )  (c)  continue or start an education program.
( ☐ )  (d)  surrender any passport to:
( ☑ )  (e)  not obtain a passport or other international travel document.
( ☑ )  (f)  abide by the following restrictions on personal association, residence, or travel:   Northern District of Ohio, District of Columbia and any intermediate
                locations while traveling for court purposes only. Itinerary must be pre-approved by Pretrial Services.
( ☑ )  (g)  avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution,
                including: _____

( ☐ )  (h)  Undergo a psychiatric/mental health evaluation and/or counseling as directed by Pretrial Services. Take all medication as prescribed

( ☐ )  (i)  return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling,
                or the following purposes: _____

( ☐ )  (j)  maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers
                necessary.
( ☑ )  (k)  not possess a firearm, destructive device, or other weapon.
( ☐ )  (l)  not use alcohol ( ☐ ) at all ( ☐ ) excessively.
( ☑ )  (m)  not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed
                medical practitioner.
( ☑ )  (n)  submit to testing for a prohibited substance if required by the pretrial services office or supervising officer.  Testing may be used with
                random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of
                prohibited substance screening or testing.  The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy
                of prohibited substance screening or testing.
( ☑ )  (o)  participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office
                or supervising officer. Refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of
                any prohibited substance testing which is required as a condition of release.
( ☐ )  (p)  participate in one of the following location restriction programs and comply with its requirements as directed.
                ( ☐ )  (i)  **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as
                                directed by the pretrial services office or supervising officer; or
                ( ☐ )  (ii)  **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services;
                                medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other
                                activities approved in advance by the pretrial services office or supervising officer; or
                ( ☐ )  (iii)  **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and
                                court appearances or other activities specifically approved by the court; or
                ( ☐ )  (iv)  **Stand Alone Monitoring.** You have no residential curfew, home detention, or home incarceration restrictions.  However,
                                you must comply with the location or travel restrictions as imposed by the court.
                                **Note:** Stand Alone Monitoring should be used in conjunction with global positioning system (GPS) technology.
( ☐ )  (q)  submit to the following location monitoring technology and comply with its requirements as directed:

# ADDITIONAL CONDITIONS OF RELEASE

( [ ] ) (i)  Location monitoring technology as directed by the pretrial services or supervising officer; or
( [ ] ) (ii)  Voice Recognition; or
( [ ] ) (iii)  Radio Frequency; or
( [ ] ) (iv)  Active or passive GPS.

( [ ] )  (r)  pay all or part of the cost of location monitoring based upon your ability to pay as determined by the pretrial services or supervising officer.

( [✓] )  (s)  report as soon as possible, to the pretrial services or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

( [✓] )  (t)  no contact with co-defendants.

( [ ] )  (u) ————————————————————————————————————

[ ]  Participate in cognitive behavioral program as instructed by the U.S. Pretrial Services and Probation Officer or the Court.

[ ]  Prohibition on Access to Computer/Internet: The defendant is prohibited from accessing any computer, Internet Service Provider, bulletin board system or any other public or private computer network or the service at any location * (including employment or education) without prior written approval of the U.S. Pretrial Services and Probation Office or the Court. Any approval shall be subject to any conditions set by the U.S. Pretrial Services and Probation Office or the Court with respect to that approval. Any computer found is subject to seizure and/ or search. A search will not be conducted prior to approval of the Court.

[ ]  Computer/Internet Access Permitted: The defendant shall consent to the U.S. Pretrial Services and Probation Office conducting periodic unannounced examinations of his/her computer system(s), which may include retrieval and copying of all memory from hardware/ software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his/her computer(s), at his/her expense, any hardware/software to monitor his/her computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly. The defendant shall provide the U.S. Pretrial Services and Probation Office with accurate information about his/her entire computer system (hardware/ software); all passwords used by him/her; and his/her Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program.

[ ]  Computer/Internet Restrictions: The defendant is prohibited from accessing any on-line computer service at any location (including employment or education) without prior written approval of the U.S. Pretrial Services and Probation Office or the Court. This includes any Internet Service Provider, bulletin board system or any other public or private computer network. Any approval shall be subject to conditions set by the U.S. Pretrial Services and Probation Office or the Court with respect to that approval.

The defendant shall consent to the U.S. Pretrial Services and Probation Office conducting periodic unannounced examinations of his/her computer system(s), which may include retrieval and copying of all memory from hardware/software and/or removal of such system(s) for the purpose of conducting a more thorough inspection and will consent to having installed on his/her computer(s), at the defendant's expense, any hardware/software to monitor his/her computer use or prevent access to particular materials. The defendant hereby consents to periodic inspection of any such installed hardware/software to insure it is functioning properly.

The defendant shall provide the U.S. Pretrial Services and Probation Office with accurate information about the defendant's entire computer system (hardware/software); all passwords used by him/her; and the defendant's Internet Service Provider(s); and will abide by all rules of the Computer Restriction and Monitoring Program.

[ ]  No Contact with Minors: The defendant shall not associate or have verbal, written, telephone, or electronic communication with any person under the age of 18 except in the presence of the parent or legal guardian of said minor. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom the defendant must deal in order to obtain ordinary and usual commercial services.

The defendant shall not frequent or loiter within 1000 feet of schoolyards, playgrounds, theme parks, arcades, swimming pools, skating rinks, toy stores and other places where persons under the age of 18 play, congregate, or gather, without the prior express written approval of the U.S. Pretrial Services and Probation Office.

The defendant shall not seek, obtain or maintain any employment, volunteer work, church or recreational activities involving minors (persons under the age of 18) in any way without the prior express written approval of the U.S. Pretrial Services and Probation Office.

AO 199C (Rev. 09/08) Advice of Penalties | Page __4__ of __4__ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;
(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

Toledo Ohio
_____
*City and State*

## Directions to the United States Marshal

(✓) The defendant is ORDERED released after processing.
( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____8/25/2022_____

_____
*Judicial Officer's Signature*

Darrell A. Clay, U.S. Magistrate Judge
_____
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

AO 467 (Rev. 01/09) Order Requiring a Defendant to Appear in the District Where Charges are Pending and Transferring Bail

# UNITED STATES DISTRICT COURT
for the
Northern District of Ohio

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No. 3:22MJ5278 |
| | ) | |
| Jonathan Joseph Copeland | ) | Charging District:      District of Columbia |
| *Defendant* | ) | Charging District's Case No.   1:22MJ195 |

## ORDER REQUIRING A DEFENDANT TO APPEAR IN THE DISTRICT
## WHERE CHARGES ARE PENDING AND TRANSFERRING BAIL

After a hearing in this court, the defendant is released from custody and ordered to appear in the district court where the charges are pending to answer those charges.  If the time to appear in that court has not yet been set, the defendant must appear when notified to do so.  Otherwise, the time and place to appear in that court are:

| Place: U.S. District Court District of Columbia | Courtroom No.: |
|---|---|
| | Date and Time: 9/1/2022 1:00 pm |

The clerk is ordered to transfer any bail deposited in the registry of this court to the clerk of the court where the charges are pending.

Date:      08/25/2022

 

*Judge's signature*

Darrell A. Clay, U.S. Magistrate Judge

*Printed name and title*

**Query**    **Reports**    **Utilities**    **Help**    **What's New**    **Log Out**

**U.S. District Court**
**Northern District of Ohio (Toledo)**
**CRIMINAL DOCKET FOR CASE #: 3:22-mj-05278-DAC All Defendants** Termed

Case title: USA v. Copeland

Date Filed: 08/25/2022

Other court case number: 1:22mj195 District of Columbia

Date Terminated: 08/25/2022

Assigned to: Magistrate Judge Darrell
A. Clay

**Defendant (1)**

| | |
|---|---|
| **Jonathan Joseph Copeland**<br>*TERMINATED: 08/25/2022* | represented by **Jane E. Roman**<br>414 North Erie Street<br>Toledo, OH 43604<br>419-241-6168<br>Fax: 419-241-4215<br>Email: janeromanesq@gmail.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment*<br>*Bar Status: Active* |

**Pending Counts**

None

**Disposition**

**Highest Offense Level (Opening)**

None

**Terminated Counts**

None

**Disposition**

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |

18:111(a)(1) and (b) Assaulting,
Resisting, or Impeding Certain Officers
Using a Dangerous Weapon or
Inflicting Bodily Injury

18:231(a)(3) Civil Disorder

18:1752(a)(1) Entering and Remaining
in a Restricted Building or Grounds

18:1752(a)(2) Disorderly and
Disruptive Conduct in a Restricted
Building or Grounds

18:1752(a)(4) Engaging in Physical
Violence in a Restricted Building or
Grounds

40:5104(e)(2)(D) Disorderly Conduct in
a Capitol Building

40:5104(e)(2)(G)Parading,
Demonstrating, or Picketing in a
Capitol Building

---

**Plaintiff**

**United States of America**                  represented by  **Tracey Ballard Tangeman**
Office of the U.S. Attorney - Toledo
Northern District of Ohio
Ste. 308
Four SeaGate
Toledo, OH 43604-2624
419-259-6376
Fax: 419-259-6360
Email: tracey.tangeman@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Govt*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 08/25/2022 | | Arrest (Rule 5) of Jonathan Joseph Copeland (1) on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | 1 | Rule 5 Warrant received as to Jonathan Joseph Copeland (1). (Attachments: # 1 Complaint, # 2 Affidavit)(R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | | Scheduling **Order** as to Jonathan Joseph Copeland (1), Rule 5 Initial Appearance set for 8/25/2022 at 03:00 PM in Courtroom 224. Magistrate Judge Darrell A. Clay on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | | **Minutes of proceedings** [non-document] before Magistrate Judge Darrell A. Clay. Initial Appearance in Rule 5(c)(3) Proceedings as to Jonathan Joseph Copeland (1) held on 8/25/2022. Government appeared by attorney Tracey Tangeman; Defendant appeared with attorney Jane Roman; Officer Jordan Spadafore appeared for U.S. Pretrial Services. Charges read. Financial affidavit executed and approved. Attorney Roman appointed to represent defendant. Parties advised of the Due Process Protections Act. Defendant waived Rule 5 identity hearing and preliminary hearing. Defendant released on a $10,000 unsecured bond with terms and conditions as stated on the record.(Court Reporter ECRO Jessica Hancock) Time: 30 minutes. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | | **Order** [non-document] as to Jonathan Joseph Copeland (1). Pursuant to the Due Process Protections Act, Government's counsel is advised of and ordered to comply with the government's disclosure requirements under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny; and reminded that failure to comply with those disclosure obligations in timely manner could result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court. Magistrate Judge Darrell A. Clay on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | 3 | CJA 23 Financial Affidavit by Jonathan Joseph Copeland (1). Magistrate Judge Darrell A. Clay on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | | CJA 20 Appointment of Attorney Jane E. Roman for Jonathan Joseph Copeland. Counsel is reminded of their obligation to report significant changes in defendant's employment or financial circumstances sufficient to enable defendant to pay, in whole or in part, for legal representation. CJA Plan, Part IV (D)(2). Magistrate Judge Darrell A. Clay on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | 4 | Waiver of Rule 5(c)(3) Hearing by Jonathan Joseph Copeland (1). (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | 5 | Appearance Bond Entered as to Jonathan Joseph Copeland (1) in amount of $ 10,000.00, unsecured. (R,Ke) (Entered: 08/25/2022) |

| 08/25/2022 | 6 | **Order** Setting Conditions of Release. Magistrate Judge Darrell A. Clay on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
|---|---|---|
| 08/25/2022 | | **Order** to Continue - Ends of Justice [non-document] as to Jonathan Joseph Copeland (1). Time excluded from 8/26/2022 until 9/1/2022. The Court finds that the ends of justice served by granting this time outweigh the best interest of the public and the defendant in obtaining a speedy trial such that the time is excluded from the Speedy Trial Act pursuant to 18 USC§3161(h). Magistrate Judge Darrell A. Clay on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | 7 | Commitment to Another District as to Jonathan Joseph Copeland (1). Defendant committed to District of Columbia. Magistrate Judge Darrell A. Clay on 8/25/2022. (R,Ke) (Entered: 08/25/2022) |
| 08/25/2022 | | Notice to District of Columbia of a Rule 5 Initial Appearance as to Jonathan Joseph Copeland (1). Your case number is: 1:22mj195. Using your PACER account, you may retrieve the docket sheet and any text-only entry via the case number link. The following document link(s) is also provided: 6 Order Setting Conditions of Release, 4 Waiver of Rule 5(c)(3) Hearing, 5 Bond, 1 Rule 40 Warrant from Another District, 7 Commitment to Another District. If you require certified copies of any documents, please send a request to ohndml_InterDistrictTransfer@ohnd.uscourts.gov. If you wish to designate a different email address for future transfers, send your request to InterDistrictTransfer_TXND@txnd.uscourts.gov. (R,Ke) (Entered: 08/25/2022) |