IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:23-cr-00224 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO PRODUCE EVIDENCE WHICH
THE GOVERNMENT INTENDS TO USE UNDER FEDERAL RULES
OF EVIDENCE 404(b) AND 609 WITH CITATION OF AUTHORITY**

AND NOW, to-wit, comes Defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland") by and through his counsel, Komron Jon Maknoon, Esquire, and files this Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 with Citation of Authority, and respectfully moves this Honorable Court, pursuant to the Fifth and Sixth Amendments of the United States Constitution and Rules 104 and 404(b), as amended, of the Federal Rules of Evidence, for an Order compelling the government to provide Mr. Copeland with a statement containing the nature, dates, and places of occurrences of any criminal offenses or acts of misconduct other than those specified in the Indictment that the prosecution will attempt to prove at trial, and the purpose for which the government will seek to admit such evidence and in support thereof avers as follows:

1. Mr. Copeland will be unable to effectively prepare for trial if he is not provided with a written list of any and all alleged prior bad acts and/or criminal convictions which the government intends to enter into evidence in its case-in-chief and with which the government would attempt to impeach Mr. Copeland on cross examination if he desired to exercise his

1

constitutionally guaranteed right to testify, or which the government intends to use as rebuttal evidence.

2. If the government intends to offer evidence under Rule 404(b) of the Federal Rules of Evidence, Mr. Copeland will need adequate notice in time to investigate and prepare his defense to such evidence and in order to meaningfully assert his constitutional rights to due process, confrontation, compulsory process, and the effective assistance of counsel.

## CITATION OF AUTHORITY

3. Federal Rule of Evidence 404(b) provides that the prosecution must provide reasonable notice of the nature of any evidence it intends to offer under the Rule:

> "(b) **Other crimes, wrongs, or acts**. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature or any such evidence it intends to introduce at trial." (Emphasis added).

4. The 1991 Amendment to Rule 404(b) has placed a duty upon the government to provide a defendant with pretrial notice of its intent to introduce into evidence any evidence pursuant to Rule 404(b):

> "The amendment to Rule 404(b) adds a pretrial notice requirement in criminal cases and is intended to reduce surprise and promote early resolution on the issue of admissibility. The notice requirement thus places Rule 404(b) in the mainstream with notice and disclosure provisions in other rules of evidence. See, e.g., Rule 412 (written motion of intent to offer evidence under rule), Rule 609 (written notice of intent to offer conviction older than 10 years), Rule 803(24) and 804(b)(5)(notice of intent to use residual hearsay exceptions).
>
> The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion. . .

2

> . . . The amendment requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal. The court in its discretion may, under the facts, decide that the particular request or notice was not reasonable, either because of the lack of timeliness or completeness. Because the notice requirement serves as condition precedent to admissibility of 404(b) evidence, the offered evidence is inadmissible if the court decides that the notice requirement has not been met."

5.      An order requiring the Government to provide advance notice of its intent to offer such evidence will provide the Court and defense counsel with the only means of establishing appropriate safeguards as a prerequisite to the admissibility of such evidence under Rule 104 of the Federal Rules of Evidence.  See *United States v. Foskey*, 636 F.2d 517, 526 n.8 (D.C. Cir. 1980) (suggesting that pretrial disclosure by government of uncharged misconduct evidence is the most efficient means of dealing with questions of admissibility as to such evidence); *United States v. Bailey*, 505 F.2d 417, 420 (D.C. Cir. 1974); cf. 1 Wigmore on Evidence, 1940 (3rd Edition); see also *United States v. Davidoff*, 845 F.2d 1151 (2d Cir. 1988) (where the court reversed a conviction after a defendant in a RICO prosecution was prejudiced by proof of uncharged conduct involving three freight companies in addition to the company named in the indictment).

6.      The admissibility of such evidence must be determined by the district court under the standards for admission of evidence under Rules 404(b) and 403 of the Federal Rules of Evidence. *United States v. Sampson*, 980 F.2d 883 (3d Cir. 1992); *United States v. Huddleston*, 485 U.S. 681 (1988).

7.      An offer of evidence under Rule 404(b) will require a hearing outside the presence of the jury in order for the court to rule on the admissibility of the evidence. See, e.g., *United States v. Benton*, 637 F.2d 1052, 1055-6 (5th Cir. 1981). In addition, if any of the evidence which the government seeks to introduce requires the testimony of the defendant in order for the court to

determine the relevancy and admissibility of the evidence, the admissibility hearing must be conducted out of the hearing of the jury under Rule 104(c) of the Federal Rules of Evidence.

8.  Undersigned counsel further submits that an offer of proof for impeachment purposes under Fed.R.Evid. 609 will also frequently require a hearing outside the presence of the jury to rule on its admissibility to determine if the evidence meets the requisite elements of admissibility under the rule.

9.  The relief requested by this motion will permit the defense to raise any objections to problematic evidence prior to trial, thus contributing substantially to minimizing interruptions at trial, judicial and jury economy, and the effective, fair and expeditious administration of justice generally.  Such proceedings outside the hearing of the jury are clearly contemplated by Rules 103(c) and 104(c) of the Federal Rules of Evidence.

WHEREFORE, Mr. Copeland respectfully moves this Honorable Court to order the government to produce all evidence of prior bad acts and/or impeachment evidence that the government intends to use in its case-in-chief, on cross examination, or rebuttal and, if necessary, respectfully requests that the Court hold a pretrial hearing on the admissibility of such evidence.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

MAKNOON & ASSOCIATES, LLC.
438 Division St.
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424
kjm@maknoon-law.com

Attorney for Defendant, Jonathan Copeland