**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:23-cr-00224 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

**MOTION IN LIMINE TO PRECLUDE UNSEEN SIGNAGE, FENCING, OR OTHER BARRIERS AND TO PRECLUDE ARGUMENTS THAT MR. COPELAND IS GUILTY BASED ON THE ACTIONS OF OTHERS**

AND NOW, comes Defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland"), by and through his counsel, Komron Jon Maknoon, Esquire, and files this Motion in Limine to preclude from trial any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades, or other barriers unless the offering party first lays a foundation that Mr. Copeland actually was in a place to witness such features, and in support thereof avers as follows:

1. On November 21, 2022, undersigned counsel respectfully entered his appearance on behalf of Mr. Copeland (*See* ECF Doc. No. 16).

2. On July 12, 2023, Mr. Copeland was indicted for an alleged violations of 18 U.S.C. § 231(a)(3) – Civil Disorder, 18 U.S.C. §§ 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 40 U.S.C. §

1

5104(e)(2)(D) – Disorderly Conduct in a Capital Building, 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF Doc. No. 29).

3. Several of the aforementioned criminal offenses require the United States to show that Mr. Copeland knew he was in an unauthorized area or areas of the United States Capital Building.

4. During trial, Mr. Copeland will challenge all assertions that at the time of the above mentioned offenses, he knew that he was in an unauthorized area or areas of the United States Capital Building.

5. Under Federal Rules of Evidence Rule 401, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

6. Further, under Federal Rules of Evidence Rule 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

7. Under Rules 401 and 403, the government must be precluded from introducing evidence, discussion, or argument of any signs, plaques, notices, "No Trespassing" markings, dispersal announcements, barriers, fences or barricades which Mr. Copeland could not have seen or heard himself at his location(s) as admission of this evidence is unfairly prejudicial and would mislead the jury.

8. In addition, Mr. Copeland seeks an order precluding the government or government witnesses from arguing or suggesting Mr. Copeland is guilty of any crime(s) due to the criminal conduct of others.

9.      First, unlike other January 6 cases, Mr. Copeland was not charged with a violation of 18 U.S.C. § 1512(c)(2), which would require evidence of aiding and abetting. Thus, evidence of the criminal wrongdoing of others is not relevant since Mr. Copeland was not charged with aiding and abetting.

10.     Mr. Copeland acknowledges that he was charged with committing disorderly and disruptive conduct in violations of 18 U.S.C. § 1752(a)(2) and 40 U.S.C. § 5104(e)(2)(D), which typically would allow relevant evidence of rioters' collective actions to prove disruption of Congress.

11.     Mr. Copeland argues that evidence of his individual contribution to the overall riot is relevant and the presentation of evidence or argument relating to others' actions is irrelevant, confusing, and misleading.

> **Commented [KM1]:** That is good unless you have a question

WHEREFORE, Defendant, Mr. Copeland, respectfully requests that this Honorable Court enter an Order precluding from trial any evidence, discussion, or argument regarding signs, fencing, dispersal announcements, barricades, or other barriers unless the offering party first lays a foundation that Mr. Copeland actually was in a place to witness such features and precluding the government or government witnesses from arguing or suggesting Mr. Copeland is guilty of any crime(s) due to the criminal conduct of others.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466
MAKNOON & ASSOCIATES, LLC
438 Division St.
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424
kjm@maknoon-law.com

Attorney for Defendant, Jonathan Copeland

3

4