**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:23-cr-00224 |
| | ) | |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

**MOTION FOR EARLY DISCLOSURE OF ALL "JENCKS ACT" MATERIAL**

AND NOW, to-wit, comes Defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland"), by and through his counsel, Komron Jon Maknoon, Esquire, and files this Motion for Early Disclosure of All "Jencks Act" Material and in support thereof avers as follows:

1.      On November 21, 2022, undersigned counsel respectfully entered his appearance on behalf of Mr. Copeland (*See* ECF Doc. No. 16).

2.      On July 12, 2023, Mr. Copeland was indicted for an alleged violations of 18 U.S.C. § 231(a)(3) – Civil Disorder, 18 U.S.C. §§ 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capital Building, 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF Doc. No. 29).

3.     The Government has a policy of declining to release Jencks Act material until after a witness testifies at trial, or after a history of "nudging" by judges in this judicial district, until a few days prior to the start of the trial.

4.     The Jencks Act, 18 U.S.C. Section 3500(b), requires the Government to disclose prior recorded statements of its witnesses, related to the subject matter of the in-court testimony, after the witness testifies on direct examination. *United States v. Emor*, 387 U.S. App. D.C. 309, 573 F.3d 778 (2009); *see* also *United States v. Holton,* 325 U.S. App. D.C. 360, 116 F.3d 1536 (1997).

5.     While the Jencks Act itself does not require the government to produce the discovery of statements by witnesses prior to trial, the Court has the inherent power to implement discovery procedures entailing the production of Jencks material before trial to assure a fair trial, allow a Defendant to adequately prepare his defense, and facilitate the defense's preparation for cross-examination. *Robinson v. United States,* 825 A.2d 318 (D.C. 2003); *United States v. Tarantino*, 269 U.S. App. D.C. 398 n.12, 846 F.2d 1384, 1415 (1988).

6.     Delayed production will have the following impact on the orderly administration of justice and conduct of trial:

        a.   It will necessitate delays during the trial in order for Mr. Copeland to file additional motions or to conduct additional investigations in order to seek rebuttal witnesses, and also to conduct effective cross examination; and

        b.   If the Court does not allow for trial recesses caused by the delayed production of Jencks Act material, it will deprive Mr. Copeland of effective assistance of counsel.

7.     There is no prejudice to the Government from the granting of the motion.

WHEREFORE, Mr. Copeland respectfully requests this Court order the production of Jencks Act materials thirty (30) days prior to trial.

Respectfully submitted,

*s/ Komron Jon Maknoon*

Komron Jon Maknoon, Esquire
PA I.D. NO. 90466
Maknoon & Associates, LLC
438 Division St.
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424 (FAX)

Attorney for Defendant, Jonathan Copeland