# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Docket No. 1:23-cr-00224 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

## MOTION TO REQUIRE LAW ENFORCEMENT OFFICERS TO RETAIN ROUGH NOTES AND WRITINGS THAT MAY CONSTITUTE *BRADY* OR *JENCKS* MATERIALS

AND NOW, to-wit, comes Defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland"), by and through his counsel, Komron Jon Maknoon, Esquire, and respectfully moves this Court for an Order requiring federal, state and local law enforcement officers to retain rough notes and writings that may constitute *Jencks* or *Brady* materials and in support thereof avers as follows:

1. On November 21, 2022, undersigned counsel respectfully entered his appearance on behalf of Mr. Copeland (*See* ECF Doc. No. 16).

2. On July 12, 2023, Mr. Copeland was indicted for an alleged violations of 18 U.S.C. § 231(a)(3) – Civil Disorder, 18 U.S.C. §§ 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a

1

Deadly or Dangerous Weapon, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capital Building, 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF Doc. No. 29).

3. Law enforcement officers routinely and initially create rough notes of the investigation being conducted, prior to reducing those notes to final written reports.

4. A prosecutor has the duty to learn of any favorable evidence known to other parties acting on the government's behalf in the case, including the police.[1]

5. As the D.C. Circuit Court of Appeals has previously explained, it is important for the government to preserve and produce any rough notes as they are potentially important *Brady* material and serve the purpose of allowing defense counsel to discover or pursue leads not apparent from the reports themselves.[2]

WHEREFORE, Mr. Copeland respectfully requests that this Court enter an Order directing the Government to preserve rough notes and writings that may constitute *Brady* or *Jencks* materials and further direct that those notes and writings be provided to undersigned counsel when *Brady and Jencks* material[3] are disclosed.

Respectfully submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. NO. 90466

---

[1] See *Kyles v. Whitley*, 514 U.S. 419, 115 S. Ct. 1555 (1995).
[2] See *United States v. Andrews*, 382 U.S. App. D.C. 299, 532 F.3d 900 (2008); *United States v. Safavian*, 590 F. Supp. 2d 12 (D.D.C. 2008); *United States v. Harrison*, 173 U.S. App. D.C. 260, 524 F.2d 421 (1975).
[3] See related motions concerning disclosure of *Brady* and *Jencks* material.

Maknoon & Associates, LLC
438 Division St.
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424 (FAX)

Attorney for Defendant, Jonathan Copeland