IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Docket No. 3:21-cr-00015 |
| | ) | |
| v. | ) | ELECTRONICALLY FILED |
| | ) | |
| JONATHAN JOSEPH COPELAND, | ) | The Honorable Dabney L. Friedrich |
| | ) | |
| Defendant. | ) | |

## MOTION IN LIMINE

AND NOW, comes the defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland"), by his counsel, Komron Jon Maknoon, Esquire, and respectfully files the within Motion in Limine requesting that the Court prevent the introduction of certain evidence at trial pursuant to Federal Rules of Evidence 609. In support thereof, he states as follows:

**I.   INTRODUCTION**

On July 12, 2023, Mr. Copeland was indicted for an alleged violations of 18 U.S.C. § 231(a)(3) – Civil Disorder, 18 U.S.C. §§ 111(a)(1) and (b) – Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon, 18 U.S.C. § 1752(a)(1) and (b)(1)(A) – Entering and Remaining in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(2) and (b)(1)(A) – Disorderly and Disruptive Conduct in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 18 U.S.C. § 1752(a)(4) and (b)(1)(A) – Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, 40 U.S.C. § 5104(e)(2)(D) – Disorderly Conduct in a Capital Building, 40 U.S.C. § 5104(e)(2)(F) – Act of Physical Violence in the Capitol Grounds or Buildings, and §40 U.S.C. § 5104(e)(2)(G) – Parading, Demonstrating, or Picketing in a Capital Building (*See* ECF Doc. No.

1

29). On October 27, 2023, Mr. Copeland, through undersigned counsel, filed a motion requesting notice of any evidence the government intends to offer under Federal Rules of Evidence 404(b) and 609 (*See* ECF Doc. No. 37). On November 21, 2023, the government filed an Omnibus Response to Mr. Copeland's Pretrial Motions, which gave notice of the government's intent to present evidence pursuant to Federal Rules of Evidence 609 (*See* ECF Doc. No. 46). Undersigned counsel was put on notice of the government's intention of potentially introducing evidence from Mr. Copeland's 2013 prior misdemeanor assault.

## II.     LEGAL STANDARD

Under Federal Rules of Evidence Rule 609(a)(1), if a witness has been convicted of a crime "punishable by death or by imprisonment for more than one year," the conviction "must be admitted," subject to the balancing test set out in Federal Rules of Evidence Rule 403. *See* Fed. R. Evid. 609(a)(1)(A). However, if the witness is the defendant, a different balancing test applies. The court must determine "if the probative value of the evidence outweighs its prejudicial effect to the defendant." *See* Fed. R. Evid. 609(a)(1)(B). As there is with Rule 403, there is no requirement that the prejudicial effect *substantially* outweighs the evidence's probative value.

Federal Rules of Evidence Rule 609(b) applies "if more than 10 years have passed since the witness's conviction or release from confinement." Under this rule, evidence of the conviction is only admissible if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect." See Fed. R. Evid. 609(b)(1). Thus, depending on the Rule that is utilized, the balancing test could differ regarding whether the probative value must outweigh or substantially outweigh the prejudicial effect.

When determining whether prior convictions should be admissible, a court considers "the nature of the crime, the time of the conviction, the similarity of the past crime to the charged crime,

the importance of the defendant's testimony, and the degree to which the defendant's credibility is central to the case." *See United States v. Wilkins*, 538 F. Supp. 3d 49, 84 (D.D.C. 2021). Prior convictions involving the same or very similar conduct to what the defendant is accused of are highly prejudicial. *See United States v. Caldwell,* 760 F.3d 267 (3d Cir. 2014); *United States v. Sanders*, 964 F.2d 295, 297-98 (4th Cir. 1992); *see also See United States v. Holland,* 41 F. Supp. 3d 82, 92 (D.D.C. 2014) (finding the probative value of the defendant's prior conviction for a drug offense was minimal and the similarity between the two convictions was likely to prejudice the jury into improperly concluding that the because the defendant was previously a drug dealer, he likely still is one).

### III. ARGUMENT

#### A. Mr. Copeland's prior misdemeanor assault conviction should not be admitted under Federal Rules of Evidence 609(a).

Applying the standards of Rule 609(a), evidence of Mr. Copeland's prior misdemeanor assault conviction should not be admitted as the crime is not punishable by death or imprisonment for more than one year. Mr. Copeland was convicted of misdemeanor assault, in violation of Ohio state law, in Ottawa County Court Case Number 2013CRB00304-1. Under Title 29 § 2903.13 of the Ohio Revised Code, assault is a misdemeanor of the first degree. Under Title 29 § 2929.24 of the Ohio Revised Code, a misdemeanor of the first degree is punishable by imprisonment of not more than 180 days. Mr. Copeland's prior misdemeanor assault conviction was not punishable by death or imprisonment of more than one year. Therefore, Federal Rule of Evidence 609(a) should not apply to his prior conviction.

#### B. The prejudicial effect of Mr. Copeland's prior misdemeanor assault conviction being admitted outweighs the probative value.

Applying the standards of Rule 609(b), evidence of Mr. Copeland's prior misdemeanor assault conviction would fall under Rule 609(b). Therefore, the conviction is subject to the balancing test in Rule 609(b)(1). Mr. Copeland has a prior misdemeanor assault conviction, which occurred in 2013 (Ottawa County Court Case Number 2013CRB00304-1). When applying the balancing test in Rule 609(b)(1), it is important to address the similarity of the past crime to the charged crime. Mr. Copeland's prior conviction of an assault is similar to the instant alleged assault charge and is therefore highly prejudicial. Further, because crimes of violence generally have lower probative value regarding credibility, Mr. Copeland's prior conviction has low impeachment value as it is not a crime of dishonesty or deceit. Thus, when utilizing the balancing test set forth in Rule 609(b)(1), it becomes apparent that the probative value of Mr. Copeland's prior conviction does not outweigh its prejudicial effect.

IV.     **CONCLUSION**

WHEREFORE, undersigned counsel respectfully requests this Honorable Court to exclude the introduction of Mr. Copeland's prior misdemeanor assault conviction, which occurred in 2013 (Ottawa County Court Case Number 2013CRB00304-1).

    Respectfully Submitted,

*/s/Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466
Maknoon & Associates, LLC
438 Division St., 2nd Floor
Sewickley, PA 15143
(412) 201-1802
(412) 774-8424 FAX

Attorney for Defendant, Jonathan Copeland