UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JONATHAN JOSEPH COPELAND,<br><br>*Defendant.* | No. 23-cr-224 (DLF) |

## PROPOSED VOIR DIRE

### Case-Specific Events

1. This is a criminal case entitled *United States v. Jonathan Joseph Copeland*. The defendant is charged with nine counts, including two counts of civil disorder; one count of assaulting, resisting, or impeding certain officers and using a deadly or dangerous weapon during and in relation to the offense; one count of entering and remaining in a restricted building or grounds and using or carrying a deadly or dangerous weapon during and in relation to the offense; one count of disorderly and disruptive conduct in a restricted building or grounds and using or carrying a deadly or dangerous weapon during and in relation to the offense; one count of engaging in physical violence in a restricted building or grounds and using or carrying a deadly or dangerous weapon during and in relation to the offense; one count of disorderly conduct on Capitol Grounds or within a Capitol Building; one count of engaging in physical violence on Capitol Grounds or within a Capitol Building; and one count of parading, demonstrating, or picketing in a Capitol Building. The charges arise from the events that occurred at the U.S. Capitol on January 6, 2021. The defendant denies

responsibility for each of these charges.  Do you know or have you heard anything about this case, other than what I have told you today?

2. Do any of you live or work at or near the U.S. Capitol?

3. Do you or someone you know have a direct or indirect connection to the events that occurred at the U.S. Capitol on January 6, 2021?

4. Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?

5. Have you heard or seen anything in the news or elsewhere about Jonathan Joseph Copeland, the defendant in this case, or about anyone else who was present at the Capitol on January 6, 2021?

6. Does anyone have such strong feelings or opinions about the events that took place at the U.S. Capitol on January 6, 2021 that it would make it difficult for you to serve as a fair and impartial juror in this case?

7. As you sit here, do you have an opinion about Mr. Copeland's guilt or innocence in this case?

**Eligibility**

8. Do you no longer live in the District of Columbia?

**Individuals Involved in the Proceedings**

9. The Government in this case is represented by AUSAs Alexandra Foster, Gregory Rosen, and Kyle Mirabelli.  The defendant, Jonathan Joseph Copeland, is represented by Komron Maknoon.  Mr. Copeland resides in Fort Shawnee, Ohio.  Do you know any of these people?

10. The parties will now introduce the witnesses who might testify in this case. [The parties will provide the potential witness's name, general area of residence, and employment.] Do you know any of the witnesses who have been introduced to you?

11. If I could ask that you take a minute and look at the other potential jurors: do you recognize or think that you know any of the other potential jurors in the panel?

12. The Courtroom Deputy is Jonathan Hopkins and the court reporter is Sara Wick. My law clerks are sitting on either side of me. Do you know me or any member of my staff?

**Presumption of Innocence/Instructions**

13. The government bears the burden of proving Mr. Copeland guilty beyond a reasonable doubt, and he is presumed innocent unless and until the government meets that burden. This burden of proof never shifts to Mr. Copeland, and he has no obligation to offer his own evidence. Would you have any difficulty or hesitation with respecting this allocation of the burden of proof?

14. A defendant has a constitutional right not to testify, and if Mr. Copeland decides not to testify, I will instruct you that you cannot hold his silence against him in any way. Would you have any difficulty following that instruction?

15. Jurors are the sole judges of the facts, but they must follow the principles of law as I instruct. The jury may not follow some rules of law and ignore others. And even if the jury disagrees or dislikes a rule of law or does not understand the reasons for some of the rules, it is the jury's duty to follow them. Do you have any personal beliefs that would make it difficult to follow my legal instructions, whatever they may be?

16. To reach a verdict on a particular charge, the jury must deliberate and be unanimous. Would you be unable to express your opinions to other jurors in deliberations even if they disagree?

17. If you are selected as a juror in this case, I will instruct you to avoid all media coverage relating to this case, including radio, television, podcasts, social media, and other Internet sources. That is, you will be forbidden from reading any newspaper articles about this case, listening to any radio or podcast stories about this case, or watching any TV news about this case. You will also be forbidden from Googling this case, or blogging, tweeting, reading, or posting comments about this case on social media sites or anywhere else on the Internet. Do you have any reservations or concerns about your ability or willingness to follow this instruction?

18. I will be instructing the jury at the end of the trial that the testimony of a law enforcement officer should be treated the same as the testimony of any other witness and that the jury should not give either greater or lesser weight to the testimony of a witness simply because that witness is a law enforcement officer. Does anyone have such strong feelings or opinions about law enforcement—either positive or negative—that would make it difficult for you to be a fair and impartial juror in the case?

**Experience with the Justice System**

19. Does anyone in this group now work for, or previously worked for, any law-enforcement agency? This includes any police department in or outside the District, and it includes special police officers, as well as prosecutors' offices, such as the U.S. Attorney's Office, a State Attorney's Office. It also includes federal law enforcement

agencies like the Department of Justice, the FBI, the Secret Service, the Department of Homeland Security, and the U.S. Park Police.  And it includes any local police or sheriffs' departments.

20. Do you, any member of your immediate family, or any close friend belong to a group or organization that is active in law enforcement or crime prevention? Some examples of such groups and organizations are Fraternal Order of Police, Crime Watch, Neighborhood Watch, Crime Stoppers, and online groups that monitor and discuss neighborhood crime issues.

21. Have you, any member of your immediate family, or any close friend attended law school, worked as a lawyer, or worked in a law office?

22. Have you, any member of your immediate family, or any close friend ever been arrested for, charged with, or convicted of a crime or been a victim of or witness to a crime?

23. Have you had an experience as a juror that would affect your ability to be a fair and impartial juror in this trial?

**Hardship and Catch-All**

24. We expect the presentation of evidence in this case to conclude late this week or early next week.  After the close of the evidence, the jury will deliberate until it reaches a decision.  Would serving as a juror in this case be an extreme hardship to you? Serving on a jury is often inconvenient.  What I'm asking whether serving on this jury would be very difficult for you.

25. Do you have any health or physical problems that would make it difficult to serve on this jury?

26. Do you have any difficulty reading, speaking, or understanding English?

27. Would any of you be uncomfortable with individuals in the courtroom not wearing masks?

28. My final question is what I call my "catch-all question." This asks whether there is any other reason that I have not asked about that might make it difficult for you to sit fairly, impartially, and attentively as a juror. Perhaps you have a religious, moral, or philosophical reason, or strong personal or political beliefs, that you believe would make it hard for you to be a fair and impartial juror. In sum, is there some reason that I have not already mentioned that would make it difficult for you to sit as a fair and impartial juror in this case?