UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>JONATHAN JOSEPH COPELAND,<br><br>*Defendant.* | No. 23-CR-224 (DLF) |

### ORDER

Before the Court is the government's motion *in limine* to preclude evidence and arguments about selective prosecution. *See* Dkt. 36. Also before the Court is the defendant's motion for discovery and an evidentiary hearing to support his claim of selective prosecution. *See* Dkt. 44. For the reasons that follow, the Court will grant the government's motion and deny the defendant's motion.

To prevail on a motion for discovery in support of a selective-prosecution claim, a criminal defendant must offer "some evidence tending to show the existence of" both (1) discriminatory purpose by the government and (2) discriminatory effect. *United States v. Armstrong*, 517 U.S. 456, 468–69 (1996); *see United States v. Concord Mgmt. & Consulting LLC*, No. 18-cr-32-2, 2018 WL 10373652, at *1 (D.D.C. Oct. 16, 2018). First, to show discriminatory purpose, the defendant must offer evidence that the government is prosecuting him because of "race, religion, or other arbitrary classification, including the exercise of protected statutory and constitutional rights." *Wayte v. United States*, 470 U.S. 598, 608 (1985) (cleaned up). Second, to show discriminatory effect, a defendant must make a "credible showing of different treatment of similarly situated persons." *Armstrong*, 517 U.S. at 470. Persons are similarly situated to the defendant "when their circumstances present no distinguishable legitimate prosecutorial factors that might justify making

different prosecutorial decisions with respect to them." *Branch Ministries v. Rossotti*, 211 F.3d 137, 145 (D.C. Cir. 2000) (quoting *United States v. Hastings*, 126 F.3d 310, 315 (4th Cir. 1997)). The *Armstrong* standard is "demanding." *United States v. Judd*, 579 F. Supp. 3d 1, 4 (D.D.C. 2021) (quoting *Armstrong*, 517 U.S. at 463). The Court will deny the motion on two grounds because the defendant has shown neither discriminatory purpose nor discriminatory effect.

With respect to the first showing, the defendant has not even alleged "which group is being unfairly or improperly targeted by the government," let alone provided any evidence that the government has intended to discriminate. Gov't Opp'n at 12, Dkt. 46; *see* Def.'s Reply at 10, Dkt. 48. The defendant offers no more than mere speculation of improper motive, and without more, the Court may not infer discrimination based on a protected characteristic or activity. *See United States v. Bennett*, No. 21-cr-312, 2023 WL 6847013, at *3 (D.D.C. Oct. 17, 2023); *Judd*, 579 F. Supp. 3d at 5.

With respect to the second showing, the defendant has not made a "credible showing of different treatment of similarly situated persons," or in other words, discriminatory effect. *Armstrong*, 517 U.S. at 470. To determine whether a comparator is "similarly situated" to the defendant, courts "must examine all relevant factors, including relative culpability, the strength of the case against particular defendants, willingness to cooperate, and the potential impact of a prosecution on related investigations." *United States v. Khanu*, 664 F. Supp. 2d 28, 32 (D.D.C. 2009).

The defendant argues that Ray Epps is "one example of a person who was next to [the defendant] prior to entering the Capitol Building" and "committed roughly the same crime under roughly the same circumstances." Def.'s Mot. for Discovery and an Evidentiary Hearing ¶¶ 12, 36, Dkt. 44. But unlike the defendant, Epps was not charged with a felony under 18 U.S.C. § 111,

and Epps and the defendant are not similarly situated.  First, unlike the defendant, Epps engaged in mitigating behavior during the riot.  As the defendant acknowledges, Epps attempted at least five times to deescalate conflicts between rioters and police officers.  *See id.* ¶¶ 22–23.  Epps also tried to "prevent rioters on the West Plaza from attacking police along their defensive line," and he remained on the Capitol's grounds for only "a little over a half hour longer after the sign push."  Gov't Opp'n at 12 n.6 (cleaned up).  The defendant exhibited no such mitigating behavior.

Second, Epps demonstrated a willingness to cooperate with law enforcement after the riot.  Epps called "the FBI tip line to self-identify within hours of his photo being posted online," and he participated in "multiple extensive debriefs with the FBI."  *Id.* at 12; *see also* Def.'s Reply at 10 (acknowledging that "Epps chose to turn himself in and engage with the FBI"); *Bennett*, 2023 WL 6847013, at *3 (dismissing a selective-prosecution claim because the comparator showed a greater "willingness to cooperate" than the defendant).  In addition, as the government notes and the defendant does not dispute, the defendant "has not expressed any meaningful willingness to accept responsibility" and his conduct was "more obstructive" than Epps's.  Gov't Opp'n at 12.  These differences between the defendant's and Epps's conduct demonstrate that the two were not "similarly situated persons" for present purposes.  *Armstrong*, 517 U.S. at 470.  Accordingly, the defendant has failed to make a showing of discriminatory effect—a second and independent basis for the Court to deny his motion for *Armstrong* discovery.[1]  Nor has the defendant placed any material facts in dispute warranting an evidentiary hearing.

---

[1] The Court previously deferred ruling on the government's Omnibus Motion in Limine, *see* Dkt. 36, to the extent the government seeks to preclude selective-prosecution arguments, *see* Min. Order of Dec. 20, 2023.  Given the defendant's selective-prosecution motion is meritless, the Court will grant the government's motion to preclude.

Accordingly, it is

**ORDERED** that the government's motion *in limine* to preclude evidence and arguments about selective prosecution, *see* Dkt. 36, is **GRANTED**; and it is further

**ORDERED** that the defendant's motion for discovery and an evidentiary hearing in support of his selective-prosecution claim, Dkt. 44, is **DENIED**.

January 16, 2024

DABNEY L. FRIEDRICH
United States District Judge