# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v.  ) | Docket No. 1:23-cr-00224 |
| ) | |
| ) | |
| JONATHAN JOSEPH COPELAND, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S SUGGESTED CHANGES AND ADDITIONS TO THE COURT'S PROPOSED JURY INSTRUCTIONS AND VOIR DIRE

AND NOW, to-wit, comes the defendant, Jonathan Joseph Copeland (hereinafter "Mr. Copeland"), by and through his counsel, Komron Jon Maknoon, Esquire, and respectfully submits the within Defendant's Suggested Changes and Additions to the Court's Proposed Jury Instructions (*See* ECF No. 52) and to the Court's Proposed Voir Dire (*See* ECF No. 53).

I. **Objections and Additional Questions to the Court's Proposed Jury Instructions (*See* ECF No. 52).**

Mr. Copeland, through undersigned counsel, is in receipt of the Court's proposed jury instructions but respectfully request that that following instructions for the charged offenses:

1

## COUNT ONE

**18 U.S.C. § 231(a)(3) - Obstructing Officers During a Civil Disorder**[1]

(18 U.S.C. § 231(a)(3))

Count One of the Indictment charges Jonathan Copeland with committing or attempting to commit an act to obstruct, impede, or interfere with law enforcement officers lawfully carrying out their official duties incident to a civil disorder, which is a violation of federal law.

<u>Elements</u>

In order to find Jonathan Copeland guilty of this offense, you must find the following three elements beyond a reasonable doubt:

First:  Jonathan Copeland knowingly committed an act or attempted to commit an act with the intended purpose of obstructing, impeding, or interfering with one or more law enforcement officers.

Second: At the time of Jonathan Copeland's actual or attempted act, the law enforcement officer or officers were engaged in the lawful performance of their official duties incident to and during a civil disorder.

Third:  The civil disorder in any way or degree obstructed, delayed, or adversely affected either commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function.

<u>Definitions</u>

---

[1] Source: (18 U.S.C. § 231(a)(3); *United States v. Thomas Webster*, 21-cr-32-APM, ECF No. 101, at 15-18 (D.D.C. August 2, 2022); *United States v. Guy Wesley Reffitt,* 21-cr-208-DLF, ECF No. 65, at 2, 8-11 (D.D.C. November 24, 2021); *United States v. Pugh*, 20-cr-73 (S.D. Ala. May 19, 2021); *United States v. Rupert*, No. 20-cr-104 (D. Minn. Mar. 12, 2021) (ECF No. 81)).

Mr. Copeland is in agreement with the Court's proposed definitions.

Attempt

In Count One, the defendant is also charged with attempt to obstruct law enforcement during a civil disorder. An attempt to commit obstruction of law enforcement during a civil disorder is a crime even if the defendant did not actually complete the crime.

In order to find the defendant guilty of attempt to commit obstruction of law enforcement during a civil disorder, you must find that the government proved beyond a reasonable doubt each of the following elements:

First:   That the defendant intended to commit the crime of obstruction of law enforcement during a civil disorder, as I have defined that offense above.

Second:   That the defendant took a substantial step toward committing obstruction of law enforcement during a civil disorder which strongly corroborates or confirms that the defendant intended to commit that crime.

With respect to the first element of attempt, you may not find the defendant guilty of attempt to commit obstruction of law enforcement during a civil disorder merely because the defendant thought about it. You must find that the evidence proved beyond a reasonable doubt that the defendant's mental state passed beyond the stage of thinking about the crime to actually intending to commit it.

With respect to the substantial step element, you may not find the defendant guilty of attempt to commit obstruction of law enforcement during a civil disorder merely because the defendant made some plans to or some preparation for committing that crime. Instead, you must find that the defendant took some firm, clear, undeniable action to accomplish his intent to commit

obstruction of law enforcement during a civil disorder. However, the substantial step element does not require the government to prove that the defendant did everything except the last act necessary to complete the crime.

## COUNT TWO

**18 U.S.C. § 111 - Assaulting, Resisting, or Impeding Certain Officers and, During and in Relation to the Offense, Using a Dangerous Weapon**

18 U.S.C. § 111(a)(1) and (b)

Mr. Copeland, through undersigned counsel, is in agreement with the Court's proposed jury instruction for Count Two.

## COUNT THREE

**18 U.S.C. § 231(a)(3) - Obstructing Officers During a Civil Disorder**

(18 U.S.C. § 231(a)(3))

Mr. Copeland, through undersigned counsel, defers to the language for Count One.

## COUNT FOUR

**18 U.S.C. § 1752 - Entering and Remaining in a Restricted Building or Grounds and, During and in Relation to the Offense, Using or Carrying a Deadly or Dangerous Weapon**[2]

18 U.S.C. § 1752(a)(1), (b)(1)(A)

Count Four of the Indictment charges Jonathan Copeland with entering and remaining in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

<u>Elements</u>

In order to find Jonathan Copeland guilty of entering and remaining in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First: Jonathan Copeland entered or remained in a restricted building or grounds without lawful authority to do so.

Second: Jonathan Copeland knew that the building or grounds was restricted, and that Jonathan Copeland knew that he lacked the lawful authority to enter or remain there.

Third: Jonathan Copeland used or carried a deadly or dangerous weapon during

---

[2] 18 U.S.C. § 1752(a)(1); *United States v. Guy Wesley Reffitt*, No. 1:21-cr-32 (DLF), Final Jury Instructions at 31, ECF No. 119.

and in relation to the offense.

Definitions

Mr. Copeland is in agreement with the Court's proposed definitions.

Lesser-Included Offense

In order to find Jonathan Copeland guilty of the lesser offense of Count Four, that is, entering or remaining in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

First: Jonathan Copeland entered or remained in a restricted building or grounds without lawful authority to do so.

Second: Jonathan Copeland knew that the building or grounds was restricted, and that Jonathan Copeland knew that she lacked the lawful authority to enter or remain there.

Order of Deliberations

Mr. Copeland is in agreement with the Court's proposed Order of Deliberations.

## COUNT FIVE

### 18 U.S.C. § 1752(a)(2) - Disorderly and Disruptive Conduct in a Restricted Building or Grounds and, During and in Relation to the Offense, Using or Carrying a Deadly or Dangerous Weapon[3]

18 U.S.C. § 1752(a)(2), (b)(1)(A)

Count Five of the Indictment charges Jonathan Copeland with disorderly and disruptive conduct in a restricted building or grounds and, during and in relation to the Offense, using or carrying a deadly or dangerous weapon, which is a violation of federal law.

I am going to instruct you on this charge and explain the various elements that you must consider. I will also instruct you on the lesser-included offense. After I give you the elements of these crimes, I will tell you in what order you should consider them.

Elements

In order to find Jonathan Copeland guilty of disorderly and disruptive conduct in a restricted building or grounds and, during and in relation to the offense, using or carrying a deadly or dangerous weapon, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:   Jonathan Copeland engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds.

Second:   Jonathan Copeland did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions.

Third:   Jonathan Copeland's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions.

---

[3] 18 U.S.C. § 1752(a)(2); *United States v. Dustin Byron Thompson*, No. 1:21-cr-161 (RBW), Final Jury Instructions at 33, ECF No. 83; *United States v. Thomas Robertson*, No. 1:21-cr-34 (CRC), Final Jury Instructions at 22, ECF No. 86.

9

| | |
|---|---|
| Fourth: | Jonathan Copeland used or carried a deadly or dangerous weapon during and in relation to the offense |

Definitions

Mr. Copeland is in agreement with the Court's proposed definitions.

Lesser-Included Offense

In order to find Jonathan Copeland guilty of the lesser offense of Count Five, that is, disorderly and disruptive conduct in a restricted building or grounds, you must find the following elements beyond a reasonable doubt:

| | |
|---|---|
| First: | Jonathan Copeland engaged in disorderly or disruptive conduct in, or in proximity to, any restricted building or grounds. |
| Second: | Jonathan Copeland did so knowingly, and with the intent to impede or disrupt the orderly conduct of Government business or official functions. |
| Third: | Jonathan Copeland's conduct in fact impeded or disrupted the orderly conduct of Government business or official functions. |

Order of Deliberations

Mr. Copeland is in agreement with the Court's proposed Order of Deliberations.

## COUNT SIX

**18 U.S.C. § 1752(a)(4) - Engaging in Physical Violence in a Restricted Building or Grounds and, During and in Relation the Offense, Using or Carrying a Deadly or Dangerous Weapon**

18 U.S.C. § 1752(a)(4), (b)(1)(A)

Mr. Copeland, through undersigned counsel, is in agreement with the Court's proposed jury instruction for Count Six.

## COUNT SEVEN

### 40 U.S.C. § 5104(e)(2)(D) - Disorderly Conduct in a Capitol Building or in Capitol Grounds[4]

40 U.S.C. § 5104(e)(2)(D)

Count Seven of the Indictment charges Jonathan Copeland with disorderly and disruptive conduct in a Capitol Building or in Capitol Grounds, which is a violation of federal law.

Elements

In order to find Jonathan Copeland of this offense, you must find that the government proved each of the following elements beyond a reasonable doubt:

First:       That Jonathan Copeland was inside the United States Capitol Building.

Second:   That Jonathan Copeland uttered loud, threatening or abusive language, or engaged in disorderly or disruptive conduct.

Third:     That Jonathan Copeland acted with the intent to impede, disrupt, or disturb the orderly conduct of a session of the United States Congress or either House of the United States Congress. The two houses of the United States Congress are the United States Senate and the United States House of Representatives; and

Fourth:   That Jonathan Copeland acted willfully and knowingly.

Definitions

Mr. Copeland is in agreement with the Court's proposed definitions.

---

[4] 40 U.S.C. § 5104(e)(2)(D); *United States v. Dustin Byron Thompson*, No. 1:21-cr-161 (RBW), Final Jury Instructions at 36, ECF No. 83.

## COUNT EIGHT

**40 U.S.C. § 5104(e)(2)(F) - Act of Physical Violence in the Capitol Grounds or Buildings**

40 U.S.C. § 5104(e)(2)(F)

Mr. Copeland, through undersigned counsel, is in agreement with the Court's proposed jury instruction for Count Eight.

## COUNT NINE

**40 U.S.C. § 5104(e)(2)(G) - Parading, Demonstrating, or Picketing in a Capitol Building**

40 U.S.C. § 5104(e)(2)(G)

Mr. Copeland, through undersigned counsel, is in agreement with the Court's proposed jury instruction for Count Nine.

Mr. Copeland, through undersigned counsel, is in receipt of the Court's general instructions and respectfully requests the following additional instructions:

### Inadmissible and Stricken Evidence[5]

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. You must not hold such objections against the lawyer who made them or the party s/he represents. It is the lawyers' responsibility to object to evidence that they believe is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, you should ignore the question, and you must not speculate as to what the answer would have been.

If, after a witness answered a question, I ruled that the answer should be stricken, you should ignore both the question and the answer, and they should play no part in your deliberations. Likewise, exhibits as to which I have sustained an objection or that I ordered stricken are not evidence, and you must not consider them in your deliberations.

### Defendant as Witness[6]

A defendant has a right to become a witness in his own behalf. His testimony should not be disbelieved merely because he is the defendant. In evaluating his testimony, however, you may consider the fact that the defendant has a vital interest in the outcome of this trial. As with the testimony of any other witness, you should give the defendant's testimony as much weight as in your judgment it deserves.

---

[5] 1 Criminal Jury Instructions for DC Instruction 2.112 (2022).
[6] 1 Criminal Jury Instructions for DC Instruction 2.209 (2022).

II. **Objections and Additional Questions to the Court's Proposed Voir Dire (*See* ECF No. 53).**

   a. Mr. Copeland, through undersigned counsel, submits the following recommended changes to the Court's proposed voir dire:

      i. Question 4 of the Court's proposed voir dire states, "Have you followed the news about the events that took place at the U.S. Capitol on January 6, 2021?"

         1. Mr. Copeland respectfully proposes that this question reads as follows:

            a. Have you ever watched video of what happened at the U.S. Capitol on January 6, 2021, on the news or on the Internet?  If yes, how many times have you seen videos of that event, in whole or in part, on TV or on the internet?  (1 time, 2-3 times, 4-5 times, 6 or more times)

      ii. Under the "Case-Specific Events" heading, Mr. Copeland respectfully proposed the following additional question:

         1. Do you think that everyone who entered the Capitol on January 6, 2021, knew that the Electoral College count was occurring in the building on that day?  If you are unaware that the count was occurring then, you should answer no.

      iii. Under the "Experience with the Justice System" heading, Mr. Copeland respectfully proposes the following additional questions:

1. Have you had any unpleasant experiences with the police or a prosecutor or other law enforcement, whether here in D.C. or elsewhere? Have you had any unpleasant experiences with a defense attorney or defense investigator, whether here in D.C. or elsewhere, that would make it difficult for you to be a fair juror in this trial?

2. Have you had experience as a member of a grand jury or as a juror in a previous trial that would affect your ability to be a fair juror in this trial?

iv. Under the "Hardship and Catch-All" heading, Mr. Copeland respectfully proposes the following additional question:

1. Could your political views, or those of your spouse or significant other, friend, or other family member, affect your service as a juror in this case?

WHEREFORE, it is respectfully requested that his Honorable Court accept Mr. Copeland's suggested changes and additions concerning the Court's proposed jury instructions and voir dire.

Respectfully Submitted,

*s/ Komron Jon Maknoon*
Komron Jon Maknoon, Esquire
PA I.D. No. 90466
Maknoon & Associates, LLC
438 Division St.
2nd Floor
Sewickley, Pa 15143

(412) 201-1802
(412) 774-8424 FAX

Attorney for Defendant, Jonathan Copeland