## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| *v.* | ) | **Case No. 1:23-cr-0224 (DLF)** |
| | ) | |
| JONATHAN JOSEPH COPELAND | ) | |
| | ) | |
| Defendant. | ) | |

### MOTION TO CONTINUE TRIAL AND VACATE DATES

Comes now the Defendant, JONATHAN JOSEPH COPELAND, by and through undersigned counsel who entered her appearance in this case today, and respectfully moves this Court to vacate his trial's scheduled start date of February 5, 2024, and the associated dates in the above-captioned matter; and for the parties and Court to set a status conference in mid-March 2024 for the parties and Court to agree upon dates for any Defendant's pretrial motions and motions in limine or responses to what the government already submitted, his input to jury and voir dire instructions; with a trial date in July 2024 or thereafter. The Government takes no position on this Motion and leaves it to the Court's decision. Mr. Copeland requests the additional time in the interests of justice and for good cause, and supports his request as follows:

### I.  INTRODUCTION.

Mr. Copeland was arrested on August 25, 2022 in Ohio based on a complaint for alleged actions on January 6, 2021 at the United States Capitol. ECF No. 5. He was released on bond but not charged with any crime by information or indictment for almost a year while the case remained open with the magistrate. He was indicted on July 12, 2023. ECF No. 29.

After the Court signed the protective order for discovery, Mr. Copeland signed his agreement paperwork on September 15, 2022. He has yet to receive any case-specific discovery the Government may have provided his former attorneys.

## II.  DISCUSSION.

As to being able to prepare, counsel admits not being able to properly represent Mr. Copeland on February 5, 2024. A crash preparation effort is not feasible. For example, the undersigned is in trial all next week. Given other commitments, it will take until the end of March 2024 to assess discovery, which the government may need to reissue, as well as the additional research needed to proceed to trial. A trial prior to July 2024 is outside the abilities of this pro bono, solo practitioner. The undersigned will have to withdraw if we cannot receive approval for a date in July 2024 as the earliest trial date.

Mr. Copeland humbly requests that this Court allow him to proceed with the undersigned as his attorney who will thoroughly prepare for his trial. Despite the Court's trial scheduling order issued in July 2023, Mr. Copeland did not personally receive any discovery and is unaware of attorney trial preparations since that time. His attorney provided a flat fee engagement for the pretrial period, where additional fee and expense payments were required to represent Mr. Copeland at trial. Since he and Mr. Copeland had a falling out over attorney advice that Mr. Copeland disagreed with, the result was that Mr. Copeland no longer had confidence in his defender. This happened and there is no need for disparagement or further details, other than to say that Mr. Copeland paid all attorney fees due to this point.

However, the answer as to what work has been accomplished is unclear and will require coordination by the undersigned to obtain any available case research and materials from Mr. Copeland's former attorney. Mr. Copeland has no trial discovery or preparation material to pass along to the undersigned, let alone to discuss. Thus, for the Defense, the discovery process must start from the beginning without a sense of what may have been provided as case specific material on USAfx, whether any research was conducted within the more than seven terabytes contained in

the Relativity data base, if any research was conducted in the Evidence.com data base of video and police bodycam, what research was conducted across the public domain, and what evidence the government is even considering using at trial.

Assuming the bulk of case specific discovery has previously been gathered by the Government, January 6 case experience indicates that after being provided with discovery, it usually requires two months or more to comb through the material if committing some time each day. Further research and investigation are required over at least a two month period (at a minimum) to follow leads and further assess what is missing from discovery. The January 6 cases are so video and research heavy that assessing a potential trial strategy is not possible without a solid footing based on the discovery material foundation.  A start from scratch appears necessary to defend Mr. Copeland.

Additionally, Mr. Copeland's former attorney mistakenly entered a response to proposed voir dire and jury instructions after he was terminated, and without Mr. Copeland's approval. The undersigned requests to withdraw that entry so that Mr. Copeland may be afforded the ability down the road to provide his input to voir dire questions and jury instructions, to submit his motions as applicable, and be allowed to respond to pretrial motions previously filed by the Government.

## III.  CONCLUSION.

Because of ongoing schedule commitments that conflict with the requirement to properly prepare and represent Mr. Copeland, the undersigned respectfully requests that the Court vacate the trial and associated dates, with a status conference and reissuance of a new pretrial scheduling order in the mid to late March timeframe. Mr. Copeland requests that he be allowed to proceed anew with defense activities; enter motions, including motions in limine; and to provide responses

to motions already submitted by the Government, as well as providing his input to proposed voir dire and jury instructions. He consents to status conferences being by remote video.

Wherefore for good cause and in the interest of the ends of justice, the Court should approve the attached, proposed order. Mr. Copeland requests that the Court under the Speedy Trial Act exclude the time between the conference on January 19, 2024 until a mid-March 2024 status conference, pursuant to 18 U.S.C. § 3161 et seq., on the basis that the ends of justice served by taking such actions outweigh the best interest of the public and the Defendant in a speedy trial pursuant to the factors described in 18 U.S.C. § 3161(h)(7)(A).

Dated January 18, 2024                    Respectfully submitted,

                                          /s/ *Carolyn A. Stewart*
                                          Carolyn A. Stewart, D.D.C. Bar No. FL-0098
                                          Defense Attorney
                                          Stewart Country Law PA
                                          1204 Swilley Rd.
                                          Plant City, FL 33567
                                          Tel: (813) 659-5178
                                          Email: Carolstewart_esq@protonmail.com

**CERTIFICATE OF SERVICE**

I hereby certify on the 18th day of January 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.