UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| *v.* ) | Case No. 1:23-cr-0224 (DLF) |
| ) | |
| JONATHAN JOSEPH COPELAND ) | |
| ) | |
| **Defendant.** ) | |

**MOTION TO WITHDRAW AS COUNSEL**

Undersigned counsel hereby moves the Court to allow Counsel to withdraw from Mr. Copelands's above numbered case. The following supports the request:

**I. FACTS**.

1. Mr. Copeland terminated his retained attorney and sought a new attorney.

2. Upon recent contact, Mr. Copeland asked the undersigned to defend him at trial on February 5, 2024. The undersigned explained that she - and likely no other attorney - could jump in this late and be ready for a trial on February 5, 2024. This was particularly problematic because Mr. Copeland had not been given possession of any specific case evidence, and no trial evidence, that he could review or forward. The undersigned filed the Motion at ECF No. 62 to request a trial continuance.

3. Both Mr. Copeland and his ~year-long retained attorney as of January 18, 2024 were not versed in the data bases and what can (or should) be used to search, versus what had definitely been provided by the government as case specific evidence and information using USAfx.

4. Mr. Copeland did not have working access to evidence.com for Axon body camera evidence or U.S. Capitol CCTV segments from the many cameras as of January 18, 2024.

5. Mr. Copeland was working through Mr. McNoon's staff for evidence.com access. None of us know what access he was given by January 19, 2024. Was it what Mr. McNoon's staff had worked on if they had researched anything, or was it the full data base? Mr. Copeland reported it was not the full data base and there was no material useful to him in what he could access. He could see one file and it was not for his case.

6. For months Mr. Copeland sought access to evidence.com. Mr. McNoon directed his staff to manage this. His staff did not relay the access issues that Mr. Copeland was having to him.

7. Mr. Copeland is not aware that he was ever given any physical possession of any USAfx case specific material outside of highly sensitive file that he could continuously review for his defense purposes.

8. Evidence.com is not the primary issue. It is an issue for finding more complete video than what the government cherry-picks from larger clips. Accessing the full clip is important.

9. The primary issue is what was on USAfx and then defense preparation - given file downloads and whether there was anything shared. Mr. Copeland has never received what was extracted from his digital device(s) for example. He was not given files not marked highly sensitive. He was not given the evidence presented to the grand jury as happens in other felony cases. He was not given any FBI Form 302s.

10. Mr. McNoon did not have USAfx files of any type to pass along to Mr. Copeland or the undersigned as of January 19, 2024. As a note, anything older than 60 days from the original posting on USAfx will have been automatically deleted by the platform's robo-sweeper under the government's storage policy.

11. At a sealed hearing on January 19, 2024, the Court refused the request in the motion at ECF No. 62 to continue the trial until July given the undersigned's schedule and the requirement

to acquire and review all case specific discovery, and then research as necessary and be allowed to update prior filings such as jury instructions, and prepare to defend Mr. Copeland at trial.

12. The Court would not allow a continuance into even April 2024 or May 2024 when the undersigned offered the earlier dates if she could make some significant adjustments to a mostly concrete schedule. With no availability prior to March 5, 2024, the undersigned was willing to try to move other commitments so she would have at least six weeks (42 days) of preparation.

13. The Court said it had no availability in April 2024 and refused to continue until May 2024.

14. The Court stated the latest it will continue is to March 27, 2024.

15. To determine whether she could get a second chair able to assist, the undersigned requested that the government provide her access to USAfx to see trial evidence and anything else present in USAfx on January 19, 2024. Over this entire past weekend, no access was permitted.

16. The undersigned has a USAfx account so all that was required was for the government to add the undersigned as a user for Mr. Copeland's files. The file owner and other government people such as paralegals can have added the undersigned in a matter of minutes.

17. The undersigned had not reached the point of requesting that the government re-populate old files and folders in order to assess research requirements. Whatever was provided in USAfx since Mr. Copeland was arrested in 2022, and then indicted for in July 2023, is not in Mr. Copeland's possession and he is not aware of more than a select few video clips having been shown to him.

## II. ARGUMENT.

Mr. Copeland was not intentionally trying to delay his trial. Neither he nor his attorney had a file with USAfx specific case discovery as of January 19, 2024. Mr. Copeland was honest in his

3

assertions and worked through staff to fix his problems. He has not seen any of the government's proposed trial exhibits. He is unaware of trial defense preparation to date and wanted the undersigned to be his attorney. The undersigned sees nothing at this time that would allow her to take over an already prepared defense.

The undersigned provides pro bono services and has a very full calendar for D.C. cases and for legal services in her home state through March and into mid-April 2024. Because of availability and nonavailability issues for the undersigned and the Court, and because the undersigned has nothing to indicate a trial defense could be developed in under six-eight weeks starting on March 15, 2023; and because the Court will not continue the trial to a date where the undersigned in good faith believes she could prepare and execute a trial defense, she requests Court approval to withdraw.

### III.  CONCLUSION.

**Wherefore,** for good cause shown, the Court should allow Ms. Stewart to withdraw and issue the proposed, attached order.

Dated January 21, 2024                    Respectfully submitted,

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: (813) 659-5178
Email: Carolstewart_esq@protonmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 21st day of January 2024, a copy of the foregoing was served upon all parties as forwarded through the Electronic Case Filing (ECF) System.

/s/ *Carolyn A. Stewart*
Carolyn A. Stewart, Esq.